DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANN LOTIERZO**,
Appellant,

v.

**GERALD BARBARITO, FELIPE DE JESUS ESTEVEZ,
DIOCESE OF PALM BEACH, INC., ARCHDIOCESE OF MIAMI, INC.**
and **THOMAS EUTENEUER,**
Appellees.

No. 4D22-238

[March 8, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Gary L. Sweet; L.T. Case No. 432019CA001525.

Martin B. Kofsky of Kofsky Law Office, P.A., Stuart, for appellant.

Emily C. Smith, Daniel C. Dresch, and Michael A. Mullen of Gaebe Mullen Antonelli DiMatteo, Coral Gables, for appellees Gerald Barbarito, Felipe De Jesus Estevez, Diocese of Palm Beach, Inc., and Archdiocese of Miami, Inc.

GROSS, J.

In her third amended complaint, a parishioner has attempted to state causes of action against a priest and the church hierarchy arising out of her ongoing counseling relationship with the priest.

The trial judge dismissed four counts against the church hierarchy with prejudice based on the application of Florida's impact rule, leaving the priest as the only remaining defendant.

Florida's impact rule is "a judicially-created rule designed to assure the validity of claims for emotional distress." *Woodard v. Jupiter Christian Sch., Inc.*, 913 So. 2d 1188, 1190 (Fla. 4th DCA 2005) (citing *Int'l Ocean Tel. Co. v. Saunders*, 32 Fla. 434, 14 So. 148 (1893)). The rule requires that "before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact." *Fla. Dep't of*

*Corr. v. Abril*, 969 So. 2d 201, 206 (Fla. 2007) (quoting *R.J. v. Humana of Fla., Inc.*, 652 So. 2d 360, 362 (Fla. 1995)).

In *Doe v. Evans*, the Florida Supreme Court recognized that a fiduciary duty generally arises in counseling relationships such as those between a priest and a parishioner. 814 So. 2d 370, 373–75 (Fla. 2002). And in *Gracey v. Eaker*, the Florida Supreme Court held that the breach of such a fiduciary relationship is not subject to the impact rule. 837 So. 2d 348, 355–56 (Fla. 2002). Appellant's counts seeking recovery against the church hierarchy may be subject to dismissal for many reasons, but not because of application of the impact rule.

Appellant's attorney made statements at a hearing that make it unclear what legal theories she is pursuing against the defendants. Appellant should be given one more chance to file a focused amended complaint setting forth her claims.

We affirm the dismissal of "Count Six—Duty to Disclose" because it does not state a recognized cause of action apart from a breach of fiduciary duty, which appellant had attempted to assert in a separate count.

*Affirmed in part, reversed in part, and remanded.*

DAMOORGIAN and KUNTZ, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***